**FILED**

MAY 2 2 2013

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

## IN THE UNITED STATES FEDERAL COURT
## OF NORTHERN DISTRICT OF ILLINOIS

STEVEN NAYVELT, POLINA NAYVELT, }
JESSICA NAYVELT, ERICA NAYVELT
9745 Tripp Avenue
Skokie, Illinois 60076-1142
            Plaintiffs,

**CASE 13 CV 3787**

**JUDGE CHANG**
**MAGISTRATE JUDGE ROWLAND**

     vs.              }
                             }

FRONTIER AIRLINES        }
7001 TOWER ROAD, Denver   }
Colorado 80249           }
a foreign corporation      }
            Defendant,    }
                             }

      and             }
                             }

THE MARK TRAVEL CORPORATION }
d/b/a/ FUNJET,          }
8907 N. Port Washington Rd.  }
Milwaukee, WI 53217      }
a foreign corporation      }
            Defendant.    }  **JURY DEMAND ON ALL COUNTS**

---

## COMPLAINT AT LAW

---

    **NOW COMES** the above-named Plaintiffs, **STEVEN NAYVELT, PAULA**

**NAYVELT, JESSICA NAYVELT** and **ERICA NAYVELT,** by their counsel of record,

Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and as their

Complaint at Law pursuant to the Articles 19 and 22(6) of the Montreal Convention for

the Unification of Certain Rules for International Carriage by Air, May 28, 1999 for

actual, general, punitive, statutory, incidental and consequential damages for violation of

the Article 19 of said Montreal Convention for the Unification of Certain Rules for

International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003)

(Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. §

1502 (49 USCA § 40105, *et. seq.*), against the above-named defendants, **THE MARK TRAVEL CORPORATION** d/b/a **FUNJET**, and **FRONTIER AIRLINES**, jointly and severally, alleges as follows:

## I. JURISDICTION:

1.      That this civil action arises under the Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land.

2.      That Article 19 of the Montreal Convention, states that: "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

3.      That the above-named plaintiffs are seeking, among other relief, to recover statutory damages in aggregate sum not exceeding $28,533.96 pursuant to Art. 19 and 22(1) of the Montreal Convention; as well as general, special, incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the above-named defendant for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

3.      That the United States District Court for the Northern District of Illinois has jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International

Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, and pursuant to <u>28 U.S.C. § 1337</u>.

    4.      That all the above-named defendants airlines are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

    5.      That, upon information and believe, the matter in controversy may exceed the sum of $10,000.00 exclusive of interest and costs, in that both the above-named plaintiff is alleging statutory damages in the amount of $28,533.96 pursuant to Article 22(1); as well as special, incidental and consequential damages to be awarded pursuant to Article 22(6) in the sum not yet certain but to be ascertained and proven at trial.

    6.      That the court's jurisdiction is invoked under <u>28 U.S.C. § 1331</u>, <u>28 U.S.C. § 1332</u>, <u>28 U.S.C. § 1337</u> and the doctrine of pendent jurisdiction.

## II. PARTIES:

    7.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

    8.      That at all times material hereto the above-named Plaintiff, STEVEN NAYVELT, PAULA NAYVELT, JESSICA NAYVELT and ERICA NAYVELT were competent adults domiciliary of the United States of America, residing at: 9745 Tripp Avenue, Skokie, Illinois 60076-1142.

    9.      That the above-named Defendant, THE MARK TRAVEL CORPORATION d/b/a/ FUNJET, is believed to be Wisconsin corporation, organized under laws of the State of Wisconsin operating global travel business with local headquarters located at: 8907 N. Port Washington Road., Milwaukee, WI 53217, WI, Tel. 414-228-7472 Toll Free 800-715-4030 Fax 414-351-5256.

10.     That the above-named Defendant is believed to be operating FUNJET domestic US air transportation carrier with principal place of business at: 8907 N. Port Washington Road., Milwaukee, WI 53217, WI, Tel. 414-228-7472 Toll Free 800-715-4030 Fax 414-351-5256.

11      That the above-named Defendant, **FRONTIER AIRLINES** is believed to be domestic US air transportation carrier with principal place of business at: 7001 TOWER ROAD, Denver, Colorado 80249.

12      That all the above-named defendants are residents of the countries signatories to the Montreal Convention.[1]

COUNT ONE:
Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19[2] of the Montreal Convention

As a separate cause of action against the above-named Defendants, THE MARK TRAVEL CORPORATION d/b/a FUNJET, and FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs are alleging as follows:

13.     That the above-named Plaintiffs are repeating, re-alleging, and adopting

---

[1] "The decision to ratify the Montreal Convention, which introduces a modernized and uniform legal framework governing airline companies' liability in the event of damage caused to passengers, baggage or goods during international journeys, codified by Council Decision 2001/539/EC of 5 April 2001 on the conclusion by the European Community of the Convention for the Unification of Certain Rules for International Carriage by Air" (the Montreal Convention) [Official Journal L 194 of 18.07.2001]; *see* http://europa.eu/legislation_summaries/transport/air_transport/l24255_en.htm

[2] See, Article 19 of the Montreal Convention, holding that "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

§§ 1-12 of preceding sections of this entire Complaint including but not limited to Jurisdiction Section and Parties Section as set forth fully herein and incorporates them by reference:

14.    That on or about October 5, 2012 the NAYVELT FAMILY purchased from Happy Travel Agency four (4) electronic airfare tickets (reservation No. Y190G0F-J) for international transportation by air from the place of their domicile at Chicago, Illinois to Cancun, Mexico and than on December 24, 2012 back to Chicago, Illinois, USA.

15.    That the United States and Mexico are signatories to the Montreal Convention.[3]

16.    That by procuring this international airfare from the place of his residence at: 9745 Tripp Avenue, Skokie, Illinois 60076-1142 the above-named Plaintiffs entered into binding legal contract with all the above-named defendants for international transportation by air from the place of his domicile at Chicago, Illinois to Cancun, Mexico, and than on December 24, 2012 back to Chicago, Illinois, USA.

17.    That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit A: Travel Itineraries for Airlines Ticket No. Y190G0F-J, pp. 1-3, incorporated by reference and made a part of this entire complaint-at-law.

18.    That on December 24, 2012, the above-named Plaintiffs were scheduled to fly home to Chicago from Cancun on Frontier Airlines Flight 8545.

19.    That plaintiff's flight was scheduled to depart at 1:35pm.

---

[3] http://legacy.icao.int/icao/en/leb/mtl99.pdf

20.    That the Funjet van was scheduled to pick the above-named plaintiffs up at 9:50am from Iberostar Quetzal and take them to the airport.

21.    That at 9:30am, Mr. Nayvelt spoke to Jose Gamboa, the Funjet representative at his hotel, and made sure that plaintiff's airport transportation was on time.

22.    That Jose Gamboa confirmed that plaintiff's flight was on time and their van would pick them up on time.

23.    That the van picked the above-named plaintiffs up at 9:50am, as scheduled.

24.    That when the plaintiffs arrived at the airport an hour later, they found out that their flight was 3½ hours delayed due to "aircrew needing mandatory resting hours before flying."

25.    That the plaintiff were specifically advised that their Frontier Airlines Flight 8545 was still in Chicago.

26.    That the airport knew about this delay since 7:30am, and the Funjet representative at the airport was shocked that the Funjet representative at plaintiff's hotel did not inform them about the delay.

27.    That the plaintiffs were heartbroken after realizing that they would spend the majority of the day at the airport and that their Christmas Eve would be spent on an airplane.

28.    That here is where plaintiff's frustration reaches its peak: After immediately calling Sugeily Sosa, the Riviera Maya Funjet supervisor, she was in disbelief that plaintiffs were not informed about the delayed flight at the hotel.

29.     That she instantly drove to our hotel to speak with Mr. Jose Gamboa, the Funjet's representative at their hotel.

30.     That, upon information and believe, Mr. Gamboa was not honest about informing plaintiffs about the delay.

31.     That he said that he left a message for plaintiffs informing them that their flight would be delayed, but was thinking plaintiffs decided to go to the airport anyway.

32.     That the plaintiffs could not believe that this Mr. Gamboa was not honest about the above-referenced conversation.

33.     That if plaintiffs knew about their delayed flight, they would have spent their time on the beach at their hotel instead of being stuck at the Cancun airport on Christmas Eve.

33.     That in a desperate attempt to make it home in time for Christmas Eve dinner, the plaintiffs asked to book another flight back to Chicago.

34.     That, in response the plaintiffs were however told that this would be impossible since Frontier was a commercial airline.

35.     That the delay caused substantial inconvenience to entire the NAYVELT FAMILY.

36.     That not only did they spend 6 hours in the Cancun International Airport, but they also missed Christmas Eve dinner with thier family back home.

37.     That plaintiffs believe that the level of miscommunication by the Funjet staff is unacceptable.

38.      That the plaintiffs also believe that Funjet needs to take full responsibility for the inconvenience and expense they suffered due to Funjet's inability or unwillingness to communicate with one another and with their customers.

39.      That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

40.      That, upon information and believe, the above-identified conduct of defendant's employees, who at all times material hereto were acting in the scope of their employment and for benefit of their employer, shows that said employees were acting with gross, willful or reckless indifference to legal and contractual rights of the NAYVELT FAMILY and to their travel needs.

41.      That, said willfulness on the part of FUNJET employees is further demonstrated by the above-described factual circumstances.

42.      That, at all times material hereto, local FUNJET's customer service staff at Cancun International Airport was recklessly or maliciously indifferent to the NAYVELT FAMILY travel-related problems; as well as unwilling to cooperate, and absolutely not willing to provide plaintiffs with any travel-related assistance it was suppose to provide contractually.

43.      That as a direct and proximate cause of said wrongful conduct, the above-named plaintiffs missed Christmas Dinner, and incurring actual out-of-pocket expenses.

44.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 6 hours the above-named Plaintiffs incurred actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

45.     That as a direct and proximate cause of said breach perpetrated by the above-named defendants, the NAYVELT FAMILY was needlessly subjected to actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of benefit of his bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of money and other legally cognizable damages, losses and injuries. [4]

46.     That under the Article 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES and FUNJET are jointly and severally liable for damages caused by delay or cancellation of international airfare carriage of passengers. [5]

---

[4] *Cf.* Lopez v. Eastern Airlines, Inc., 677 F.Supp.181 (holding that inconvenience, delay and uncertainty are compensable injuries even in absence of out-of pocket costs) *also see* Ben Daniel v. Virgin Atlantic Airways, 59 F.Supp.2d 986 (N.D. Cal. 1998)(holding that passengers' inconvenience is legally cognizable harm under Articles 17 and 19 of Warsaw Convention) *also see* Warsaw Convention, Art. 17, 19;  49 U.S.C.A. § 40105 *and* 14 C.F.R. §§ 250.4-250.6 *also see* Charas v. Trans World Airlines, Inc. 160 F.3d 1259, C.A.9 (Cal.),1998 (holding that Airline Deregulation Act (ADA) does not preempt passengers' breach of contract claims) *see also* American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).
[5] Multilateral Convention for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45.

47.     That as a direct and proximate cause of refusing to allow the

NAYVELT FAMILY to board Frontier Flight 8545 on December 24, 2012, the above-

named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation

of their memorable trip, physical discomfort, loss of time, loss of use of their monies,

and was subjected to various actual, general, special, incidental and consequential

damages in the sum to be ascertained at trial. [6]

48.     That, thereafter the above-named defendants were duly served with

plaintiff's notices of claims against them, in accordance with Article 22(6) of the

Montreal Convention for damages caused by their breach of transportation agreement and

delay in international transportation in violation of the Montreal Convention.

49.     That due to failure to answer pre-suit settlement claims on the part of all

the above-named defendants, the NAYVELT FAMILY is entitled to reasonable attorneys

fees pursuant to the Article 22(6) of the Montreal Convention. [7]

COUNT TWO:
**Cause of Action for Breach of Contract: Breach of Self-Imposed Contractual Duty
as Breach of Covenant of Good Faith and Fair Dealings**

---

[6] *Cf.* Kupferman v. Pakistan International Airlines, 108 Misc. 2d 485, 438 N.Y.S.2d 189
(holding that the law has evolved a liberal rule of damages where a customer has been
subjected to humiliating indifference and has been accorded treatment inferior to the class
of treatment that he had bargained for).
[7] Montreal Convention preserved the so-called "settlement inducement provision"
contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement
inducement provision" contained in Article 22(4) of the Hague Protocol amendments was
codified in the Article 22(6) of the Montreal Convention, which states as follows:
  "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding,
  in accordance with its own law [7], in addition, the whole or part of the court costs and of the other
  expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision
  shall not apply if the amount of the damages awarded, excluding court costs and other expenses
  of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff
  within a period of six months from the date of the occurrence causing the damage, or before the
  commencement of the action, if that is later."

As a separate cause of action against the above-named Defendants, THE MARK TRAVEL CORPORATION d/b/a FUNJET, jointly and severally, the above-named Plaintiffs are alleging as follows:

50.      That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section, §§ 7-12 of Parties Section; §§ 13-49 of Statement of Claim; §§ 36-49 of Count One; §§ 50-64 of Count Two of this entire Complaint as set forth fully herein and incorporates them by reference:

51.      That at all times material hereto the parties entered into the contract for international airfare transportation of the above-named plaintiff from the place of their domicile at Chicago, USA to the Cancun, Mexico and than back to the USA.

52.      That, at all times material hereto, the above-named defendant was under contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

53.      That said legal duty was incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights. pdf.

54.      That the above-referenced self-imposed contractual terms became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Chicago, Cook County, Illinois, USA.

55.      That at all times material hereto the above-named defendant breached the above-referenced contract for international airfare carriage by failing to promptly and

adequately notify the above-named Plaintiff of cancellation and or delay of their departing Flight No. 8545.

56.     That said breach of contractual duty by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

57.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

58.     That at all times material hereto the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

59.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant, the above-named plaintiffs incurred actual, general, special, incidental and consequential damages in the sum to be determined at trial.

60.     That pursuant to Wolens doctrine the common law cause of action *ex contractu* against the above-named defendants is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [8]

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of actual and general damages in the

---

[8] American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).

sum to be proven at trial due to the above-named plaintiffs from the above-named

defendants, jointly and severally; and additional amounts in the sum to be proven at trial;

as well as an amount of special, incidental and consequential damages in the additional

sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs

and disbursements of this action; and such other and further relief as the Court may

deem just and proper.

    **WHEREFORE,** the above-named Plaintiffs, the NAYVELT FAMILY, are hereby

praying with this Honorable Court to award the final order of judgment in the sum of to

be determined at trial against the above-named defendants, FRONTIER AIRLINES and

THE MARK TRAVEL CORPORATION d/b/a FUNJET, jointly and severally, for all the

above-stated causes of action as follows:

    1.      Pursuant to Art. 19 and 22(1) of the Montreal Convention, an amount of

statutory damages in the sum of 4694 SDR[9] (Special Drawing Rights) or in the sum of

$7,133.39 [10] to be awarded pursuant to an Article 22(1) per passenger, or in the sum to

be determined at trial

    3.      Alternatively, the sums of actual, general, special, statutory, incidental

and consequential damages in the sum to be proven at trial, together with the costs of

suit, including reasonable attorney fees, sustained by reason of defendants' breach of

---

[9] http://coinmill.com/SDR_USD.html#SDR=4694

[10] On June 30, 2009, ICAO adjusted the liability limits set forth in Articles 21 and 22 of
the Montreal Convention due to inflation. Accordingly, effective December 30, 2009, the
liability limit set forth in Article 22(2) was increased from 4150 SDRs to 4694 SDR.
*See* U.S. Department of Transportation, *Inflation Adjustments to Liability Limits
Governed by the Montreal Convention Effective December 30, 2009*, 74 F.R. 59017-18
(Nov. 16, 2009).

international air transportation contract, as well as delay in international transportation and negligent performance of contractual duties.

    4.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's failure to respond to written notice of claim and to pre-suit settlement demand; and

    5.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of costs and disbursements of this action; and

    6.      Plaintiffs also move the Court for scheduling of evidentiary hearing on the issue of award of attorneys fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

    7.      Such other and further relief as the Court may deem just and proper.

PLEASE TAKE NOTICE that the above-named Plaintiffs are hereby respectfully requesting the trial by jury on all counts asserted herein.

Dated this Complaint-at-Law on this 22nd day of May 2013.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, LLC
Attorneys for Plaintiffs


BY: *Vladimir M. Gorokhovsky Esq.*
/s/ VLADIMIR M. GOROKHOVSKY, LL.M.
WIS. SBN: 1036040

**<u>P.O. Business Address</u>:**
Gorokhovsky Law Office, LLC
6045 North Green Bay Avenue, Suite 2A
Glendale, WI 53209
Telephone: (414)-581-1582
<u>gorlawoffice@yahoo.com</u>

## IN THE UNITED STATES FEDERAL COURT
## OF NORTHERN DISTRICT OF ILLINOIS

STEVEN NAYVELT, *et., al.,*                         Case No. _____
                    Plaintiff,

        vs.

FRONTIER AIRLINES, *et, al.,*
                    Defendants.

---

### NOTICE OF ATTORNEY APPEARANCE

---

**PLEASE TAKE NOTICE** that the undersigned attorney is privately retained by

and will appear as counsel of record for the above-named Plaintiffs, STEVEN

NAYVELT, PAULA NAYVELT, JESSICA NAYVELT and ERICA NAYVELT in the

above-captioned civil action. Accordingly we are respectfully requesting that all notices

and all pertinent documents in this action be served on us at our law office located at:

6045 North Green Bay, Avenue, Suite 110, Milwaukee, WI 53209.

Dated on this _22nd_ day of _May_, 2013.

GOROKHOVSKY LAW OFFICE, LLC
Attorney for Plaintiffs

BY: *Vladimir M. Gorokhovsky, Esq.*
/s/ Vladimir M. Gorokhovsky, LL.M.
SBN. 1036040

**P.O. Business Address**:
Gorokhovsky Law Office, LLC
6045 North Green Bay Avenue, Suite 2A
Glendale, WI 53209
(414)-581-1582
gorlawoffice@yahoo.com

## IN THE UNITED STATES FEDERAL COURT
## OF NORTHERN DISTRICT OF ILLINOIS

STEVEN NAYVELT, *et., al.,*                    Case No. _____
           Plaintiff,

    vs.

FRONTIER AIRLINES, *et, al.,*
           Defendants.

---

### AUTHORIZATION OF ATTORNEY APPEARANCE

---

    **PLEASE TAKE NOTICE** that the undersigned, STEVEN NAYVELT, hereby authorize Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC to appear as litigation counsel of record to pursue any and all claims cognizable under Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct 12, 1929, 49 Stat.3000, T.S. No. 876, 137 L.N.T.S. 11 (1934)(Warsaw Convention), 49 U.S.C.A. § 40105, *et. seq*, as amended by the Montréal Protocol No. 4 to Amend Convention for the Unification of Certain Rules Relating to International Carriage by Air, Signed at Warsaw on October 12, 1929, as Amended by the Protocol Done at the Hague on September 28, 1955, signed at Montreal on September 25, 1975 ("Montreal Protocol No. 4") as amended by the Montreal Convention, S. Treaty Doc. No. 106-45, 1999 WL 33292734, U..T.S. 320 (2000) as well as all claims cognizable under the law against Frontier Airlines and The Mark Travel Corporation, d/b/a FUNJET, and its agents for pecuniary damages caused by delay or cancellation of international air flight on or about December 25, 2012. Accordingly, the undersigned hereby authorizing Attorney Vladimir M. Gorokhovsky to receive and to accept all notices and all pertinent documents in this matter, to be served upon him on our behalf at his law office located at: 6045 N. Green Bay Ave, Glendale, WI 53209.

Dated on this _____ day of _____, 2013.

Signature: <em>Steven Nayvelt</em>
/s/ STEVEN NAYVELT

**State of Illinois    }**
**County of  Cook  } S.S.**
The foregoing instrument was acknowledged before me this ___ day of _____ 2013, by **STEVEN B. NAYVELT,** who are personally known to me and have produced **Illinois Driver Licenses** as identification.

                               _____
                               Notary Public, State of Illinois
LS.                              My commission expires _____