IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN NAYVELT, POLINA NAYVELT, JESSICA NAYVELT and ERICA NAYVELT, <br><br> Plaintiffs, <br><br> vs. <br><br> FRONTIER AIRLINE, <br> and THE MARK TRAVEL CORPORATION, <br> d/b/a/ FUNJET, <br><br> Defendants | 13 C 3787 <br><br> Judge Edmond E. Chang <br> Magistrate Judge Mary Rowland |

## DEFENDANT MARK TRAVEL CORPORATION'S MOTION TO STRIKE THE COMPLAINT AND DISMISS THIS CASE AS TO IT

Now Comes Defendant, Mark Travel Corporation, by its attorney and pursuant to Rule 12(b), Federal Rules of Civil Procedure, moves the Court to strike the Complaint and Dismiss this suit as to it and in support thereof represents unto the Court as follows:

1. Plaintiffs bring this suit pursuant to the provisions of Article 19 of the Montreal Convention, claiming damages occasioned by delay in the carriage of passengers.

2. The complaint alleges that the departure of the international flight for which Plaintiffs had tickets was delayed for three and one-half hours because the air crew required mandatory rest prior to flying the plane. (Complaint, ¶24).

3. The gist of Count I of Plaintiffs' complaint is that Mark Travel had knowledge that the flight was to be delayed, but did not inform Plaintiffs of the delay in a timely manner. Thus, instead of awaiting the departure of the flight at the beach adjacent to the hotel where they were staying, they were forced to wait for the departure at the airport. (Complaint, ¶¶26-38).

4. Plaintiffs allege only damages arising from mental anguish and upset resulting from the delay of an international flight. Such damages are not compensable without an accompanying physical injury.

5. Plaintiffs have alleged no physical injury, and thus the allegations of Count I, even if true, do not state a claim upon which relief may be granted.

6. Count II of Plaintiffs' complaint alleges a breach of contract for failure to inform Plaintiffs of the delay of their flight in a timely manner.

7. Plaintiffs' cause of action for breach of contract is preempted by the provisions of the Warsaw Convention, as amended by Montreal Protocol No. 4.

8. Alternatively, this Court does not have jurisdiction over Plaintiffs' alleged breach of contract claim.

WHEREFORE, Mark Travel Corporation prays that the Court strike the Complaint and dismiss this suit as to Mark Travel, Inc., d/b/a Funjet.

S/ Wayne B. Giampietro<br>
Attorney for Defendant Mark Travel, Inc.

Of Counsel
123 W. Madison, Suite 1300
Chicago, Illinois 60602
312-236-0606; 312-236-9264 (Facsimile)
wgiampietro@wpglawyers.com