IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN NAYVELT, POLINA NAYVELT, JESSICA NAYVELT and ERICA NAYVELT, )<br><br>Plaintiffs, )<br><br>vs. )<br>) 13 C 3787<br>)<br>FRONTIER AIRLINES and ) Judge Edmond E. Chang<br>THE MARK TRAVEL CORPORATION, ) Magistrate Judge Mary Rowland<br>d/b/a/ FUNJET, )<br>)<br>Defendants ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MARK TRAVEL CORPORATION'S MOTION TO STRIKE THE COMPLAINT AND DISMISS THIS CASE AS TO IT**

Now Comes Defendant, Mark Travel Corporation, by its attorney and pursuant to Rule 12(b), Federal Rules of Civil Procedure, moves the Court to strike the Complaint and Dismiss this suit as to it and in support thereof represents unto the Court as follows:

**FACTS**

Plaintiffs purport to bring this suit pursuant to the provisions of Article 19 of the Montreal Convention, claiming damages occasioned by delay in the carriage of passengers. The complaint alleges that the departure of the air flight on which Plaintiffs had tickets was delayed for three and one-half hours because the air crew required mandatory rest prior to flying the plane. (Complaint, ¶24). The gist of Count I of Plaintiffs' complaint seems to be that someone at Funjet had knowledge that the flight would be delayed early in the morning, but did not inform Plaintiffs of the delay. Rather, it is alleged that Plaintiffs were transported from the hotel to the airport at the regularly assigned time for their 1:35 p.m. flight, only to learn that the flight had been delayed three and one-half hours because the crew required more rest. (Complaint, ¶¶26-38).

The damages Plaintiffs allege to have suffered consist of spending six hours at the airport, awaiting the departure of the flight, resulting in their missing Christmas dinner with other members of their family at home.

## ARGUMENT

### I

### STANDARD ON MOTION TO DISMISS

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8(a)(2), Federal Rules of Civil Procedure. Facts alleged in a complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 167 L. Ed. 2d 929, 550 U.S. 544 (2006). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. In other words, the complaint must nudge Plaintiff's claims "across the line from conceivable to plausible.*" Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Pleadings must be construed liberally; and mere vagueness or lack of detail is an inadequate basis for granting a motion to dismiss. *McMath v. City of Gary,* 976 F.2d 1026, 1031 (7th Cir. 1992). Vague allegations which do not give fair notice that the claim comes within the basis for the relief sought are not sufficient. *Peele v Burch,* ___ F. 3d. ___, slip opinion, pp. 6-7 (No. 12-3562, 7th Cir. July 9, 2013)

### II

### PLAINTIFFS HAVE NO CAUSE OF ACTION PURSUANT TO THE MONTREAL CONVENTION

The Complaint herein purports to be based upon the Montreal Convention for the Universal Rules for International Carriage by Air. (Complaint ¶1 through 3 - both paragraphs 3) Actually, the matters alleged in this case are governed by the Warsaw Convention, to which the

Montreal Protocol No. 4 is an amendment. *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 160, fn 1, 119 S.Ct. 662, 142 L.Ed. 2d576 (1999). The Warsaw convention provides for three kinds of liability. Article 17 establishes conditions of liability for personal injury to passengers. Article 18 establishes conditions of liability for damage to baggage or goods. Article 19 establishes conditions of liability for damage caused by delay. It states: "The carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage or goods."

The provisions of the Warsaw Convention were considered by the Supreme Court in *Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed. 2d 569 (1991). Construing Article 17, the Court held that no air carrier is liable to a passenger under the Warsaw Convention for damages for mental anguish and the like unless that passenger has suffered some actual physical injury, or physical manifestation of injury. 499 U.S. at 553.

Subsequently, in *Lee v. American Airlines Inc.,* 355 F.3d 386 (5th Cir. 2004), the Court of Appeals held that a passenger who sued under Article 19 was not entitled to recover damages under the Warsaw Convention "for inconvenience and loss of a refreshing, memorable vacation," as such damages are merely "mental injuries" unrecoverable under the Warsaw Convention.

The damages claimed by Plaintiffs here falls squarely within the holding of *Lee.* The Court there held that such damages are not real economic loss damages which may be recoverable under the Warsaw Convention. While Plaintiffs allege in a conclusory way that they "suffered "actual out-of-pocket expenses," (Complaint, ¶43), that conclusory allegation is belied by the remaining allegations of the complaint. They are similar to the allegations found insufficient to state a claim by the Court of Appeals in *Peele v Burch,* ___ F. 3d. ___, slip opinion, pp. 6-7 (No. 12-3562, 7th Cir. July 9, 2013).

Plaintiffs allege that they are entitled to "statutory damages" under Article 22 of the Warsaw Convention. (Complaint ¶3) That is incorrect as a matter of law. Article 22 is a limitation on damages, not a grant of any right to compensation.[1]

Plaintiffs have alleged no damages which are compensable, such as cost of alternate tickets, hotel accommodations, damage to baggage or the like. In the absence of the allegation of such damages, they have failed to state a claim upon which relief may be granted. *Ratnaswamy v. Air Afrique,* 1998 WL 111652, 1998 U.S. Dist. LEXIS 2683 (N.D. Ill. 1998).

Count I of the Complaint fails to state a claim upon which relief may be granted.

### III
### PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT ALLEGED IN COUNT II OF THE COMPLAINT IS PREEMPTED BY THE WARSAW CONVENTION

Plaintiffs allege a breach of contract against Mark Travel in Count II of the Complaint. That claim is preempted by the Warsaw Convention. Article 24 of the Warsaw Convention, amended by Montreal Protocol No. 4, ratified on September 28, 1998, states: "in the carriage of passengers and baggage, any action for damages, however founded, can only be brought subject to the conditions and limits set out in this Convention . . " Based upon this language, the Supreme Court has held the preemptive effect of the Warsaw Convention, as Amended, is clear. "The treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 174-175, 119 S.Ct. 662, 142 L.Ed. 2d 576 (1999).

---

[1] Article 22(1) of the Warsaw Convention reads:
In the carriage of passengers the liability of the carrier for each passenger is limited to the sum of 125,000 francs. Where, in accordance with the law of the Court seised of the case, damages may be awarded in the form of periodical payments, the equivalent capital value of the said payments shall not exceed 125,000 francs. Nevertheless, by special contract, the carrier and the passenger may agree to a higher limit of liability.

Plaintiffs cannot bring suit against Mark Travel for breach of contract, as that cause of action is preempted by the Warsaw Convention.

## IV

**THE COURT HAS NO JURISDICTION OVER THE CAUSE OF ACTION PLAINTIFFS' PURPORT TO ALLEGE IN COUNT II OF THE COMPLAINT**

Alternatively, if the Court should find that Plaintiffs' action for breach of contract against Mark Travel in Count II of the Complaint is not preempted by the Warsaw Convention, this Court has no jurisdiction over that claim. Since Count I of the Complaint fails to state a claim upon which relief may be granted, there is no federal cause of action to which Count II may be appended. Thus, this Court does not have jurisdiction over the allegations of Count II of Plaintiffs' Complaint. The federal claim sought to be asserted must have substance sufficient to confer subject matter jurisdiction on the Court before a state law claim may be considered. *United Mind Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966). Since the federal claim Plaintiffs seek to assert has no substance, this Court has no jurisdiction over Plaintiffs' claim for breach of contract.

While Plaintiffs apparently attempt to allege diversity of citizenship as well, they have failed to properly do so. They assert that Mark Travel is a Wisconsin Corporation with its principal place of business in Wisconsin, and Plaintiffs are residents of Illinois. However, while Plaintiffs allege that Frontier Airlines has its principal place of business in Denver, Colorado, no allegations are made of its state of incorporation.

More importantly, there is no allegation that the amount in controversy is sufficient to meet the requirements of diversity jurisdiction. In order for this court to have diversity jurisdiction, the amount in controversy must exceed $75,000.00 28 U.S.C. §1332(a). There are no allegations in the Complaint which would allow the Court to conclude that the claim of any of the Plaintiffs exceeds $75,000. In the absence of such allegation, Plaintiffs have failed to allege facts sufficient to sustain diversity jurisdiction before this Court. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

## CONCLUSION

Count I of the Complaint fails to allege any damages cognizable under the Warsaw Convention. Count II does not meet the requirements for diversity jurisdiction, the only basis upon which this Court could conceivably have jurisdiction over it. The Complaint herein states no viable claim upon which relief may be granted against, Mark Travel, Inc. This case must be dismissed to Mark Travel, Inc., d/b/a Funjet.

                                                      S/ Wayne B. Giampietro
                                                      Attorney for Defendant Mark Travel, Inc.

Of Counsel
123 W. Madison, Suite 1300
Chicago, Illinois 60602
312-236-0606; 312-236-9264 (Facsimile)
wgiampietro@wpglawyers.com